Filed 3/11/26  P. v. Nguyen CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>HUNG QUOC NGUYEN,<br><br>  Defendant and Appellant. | A172536<br><br>(Contra Costa County<br> Super. Ct. No. 05001001346) |

Defendant Hung Quoc Nguyen appeals from the trial court's postjudgment order denying his petition to be resentenced under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4) (hereafter Senate Bill 1437).  Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Counsel informed Nguyen of his right to file a supplemental brief, and Nguyen timely filed one.  Having examined the entire record and Nguyen's supplemental brief, we conclude there are no issues that require further briefing and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is Nguyen's third appeal in this matter.  The facts surrounding the underlying offense are set forth in greater detail in our unpublished opinion,

*People v. Nguyen* (Sept. 5, 2013, A135195) (*Nguyen I*) and summarized in *People v. Nguyen* (June 3, 2020, A158404) (*Nguyen II*).

The Contra Costa County District Attorney charged Nguyen and two other defendants, Alberto Jose Alejandre and Martin Cerda, Jr., by information with (1) first degree murder of Francisco Perez (Pen. Code,[1] § 187; count 1); (2) conspiracy to commit murder (§§ 182, subd. (a)(1), 187; count 2); (3) conspiracy to shoot a firearm from a motor vehicle (§ 182, subd. (a)(1), former § 12034, subd. (c); count 3); (4) shooting from a motor vehicle (former § 12034, subd. (c); count 4); (5) street terrorism (§ 186.22, subd. (a); count 5); and (6) shooting at an occupied motor vehicle (§ 246; count 6). Counts 1 through 5 were related to the murder of Perez on August 5, 2009, alleged to have been committed by Nguyen, Alejandre, and Cerda, and count 6 involved a separate shooting on August 3, 2009, alleged to have been committed by Nguyen and Alejandre.

As summarized in our prior opinions, "the victim, Perez, was a former Sureño gang member. In 2003, Perez was with Martin Cerda's older brother, Victor, when Victor shot and killed a rival Norteño gang member. Perez testified against Victor, and Victor was convicted of murder and sentenced to prison.

"On August 5, 2009, Perez was leaving his home to go to work when 'a fusillade of gunfire erupted' and someone in a white van shot and killed Perez. Police went to the scene and found 19 shell casings from two different firearms. The police also obtained a surveillance videotape from a nearby store that showed a white van driving back and forth in the minutes before the shooting and Perez running from the van as the van drove slowly towards him with its side door open. Cell phone records revealed several calls from

---

[1] All further undesignated statutory references are to the Penal Code.

[Nguyen]'s and Alejandre's phones to a known Sureño gang member minutes after the shooting. [Nguyen]'s calls were transmitted by cell phone towers along the route traveled by the white van. The police arrested [Nguyen], Alejandre, and Cerda. The two handguns used in the shooting were found in Alejandre's house.

"At trial, [Nguyen] admitted he, Alejandre, and Cerda were at the shooting. He said Alejandre was driving the van, looking for tire rims to steal, when Cerda saw the man who 'snitched' on Cerda's brother and directed Alejandre to make a U-turn. Alejandre made several turns to bring the van back to Perez. Cerda dropped to his knees, opened the van's sliding door, pulled a gun from under his jacket, and fired multiple rounds at Perez. [Nguyen] said he could not see if Alejandre was also shooting at Perez but, when confronted with the fact that two guns were used in the shooting, [Nguyen] said the second shooter had to be Alejandre." (*Nguyen II*, *supra*, A158404.)

The jury found Nguyen guilty of all six counts. "The jury also found true gang and firearm enhancements as to counts 1 through 4 and a firearm enhancement as to count 6 (§§ 186.22, subd. (b)(1), 12022.53). The trial court sentenced [Nguyen] to 73 years to life in prison. [Nguyen] appealed, and we struck the firearm enhancement as to count 6 and affirmed the judgment in all other respects." (*Nguyen II*, *supra*, A158404.)

In 2019, Nguyen filed a petition under former section 1170.95 and Senate Bill 1437.[2] (*Nguyen II*, *supra*, A158404.) Nguyen asserted he was

---

[2] Senate Bill 1437 enacted former section 1170.95, now section 1172.6. Former section 1170.95, subdivision (a) provides: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A

entitled to resentencing because he was not the actual shooter, did not act with an intent to assist the actual killer, and was convicted under the felony murder rule or the natural and probable consequences doctrine.

The trial court denied the petition, holding Nguyen failed to meet his burden of making a prima facie case for relief. "The court noted [Nguyen] was not convicted of felony murder or murder under a natural and probable consequences theory, but was prosecuted on the theories that the murder was: (1) willful, deliberate, and premeditated; (2) committed by lying in wait; and (3) committed by shooting a firearm from a motor vehicle. The court determined that 'while there was no direct evidence that [Nguyen] was the actual killer of Perez, there was evidence that a reasonable trier of fact could find that [Nguyen], with the intent to kill, aided and abetted the actual killer in committing the murder. . . .' The court also stated there was evidence that [Nguyen] conspired to commit the murder, and that the 'jury's guilty verdict on that count supports this conclusion.' 'Accordingly, . . . the court concludes that [Nguyen] has not shown that he could not be convicted of first degree murder under the new law. . . .' " (*Nguyen II, supra*, A158404, italics omitted.) After reviewing the record and Nguyen's supplemental brief, this court affirmed the trial court's ruling and concluded there was no basis for reversal. (*Nguyen II, supra*, A158404.)

_____

complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

4

In 2024, Nguyen filed a second petition for resentencing under Senate Bill 1437. Nguyen raised numerous challenges to his conviction, including that he could not now be convicted of murder under the changes enacted by Senate Bill 1437, the court erroneously admitted certain evidence at trial, and the firearm and gang enhancements should be dismissed. The trial court denied the petition, noting Nguyen's prior section 1170.95 petition—which was denied by the trial court and affirmed on appeal—precluded his second petition. The court stated, "[Nguyen] cannot file repetitious requests, applications, or motions. The court will not respond."

Nguyen now appeals from the denial of his second petition for resentencing. His appointed appellate counsel filed a brief under *Delgadillo*, *supra*, 14 Cal.5th 216, which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal. Under that framework, Nguyen received notice that he had a right to file a supplemental brief, or his appeal could be dismissed. (See *Delgadillo*, at pp. 231–232.)

Nguyen filed a letter brief claiming the trial court omitted the prima facie review of his petition and instead "directly ruled on the merits." His brief then proceeded to raise several claims of alleged trial error, most of which we have previously rejected. None of these claims provide a basis for overturning the denial of his resentencing petition. Nor do we perceive any other arguable issues, as any error would necessarily be harmless because Nguyen is ineligible for relief as a matter of law under section 1172.6.

## DISCUSSION

In his letter brief, Nguyen does not substantively address the basis for the trial court's denial of his resentencing petition—i.e., its duplication of his prior petition. Instead, he raises numerous issues that involve purported

trial errors, most of which we already rejected in his direct appeal or his prior section 1170.95 petition.

Nguyen's brief re-raises arguments this court previously rejected—i.e., that insufficient evidence supports the conspiracy and first degree murder convictions. Specifically, he claims a person's participation in a crime cannot support liability for murder under a "natural and probable consequence" theory pursuant to Senate Bill 1437. He contends the evidence at trial only demonstrated he was a passenger and not the shooter, and any evidence to the contrary is "hearsay" or "speculative." This argument duplicates the issues raised in his second appeal. And the record reflects that the court's denial of Nguyen's prior section 1170.95 petition resolved all the issues raised by that pleading including whether changes to the felony murder and natural and probable consequences theories of liability required the court to vacate his conspiracy and murder convictions. (*Nguyen II*, *supra*, A158404; see also *People v. Jurado* (2006) 38 Cal.4th 72, 94 [law of the case doctrine normally bars defendants from raising duplicative arguments].)

Nguyen also raises other alleged trial errors, including the admission of a witness statement, certain gang expert testimony, and GPS tracking data. However, "[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings . . . . 'The purpose of [the statute] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.'" (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) None of these arguments are relevant to whether the trial court erred by denying his resentencing petition on the basis that it was duplicative of his prior section 1170.95 petition. And many

6

of these issues—such as the admission of the witness statement and the gang expert testimony—were directly raised and rejected in Nguyen's first appeal. (See *Nguyen I*, *supra*, A135195.)

Finally, having exercised our discretion to perform an independent review of the record, we do not perceive any other arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) As noted in connection with his prior petition, Nguyen was not convicted of first degree murder under felony murder, the natural and probable consequences doctrine, or any other theory of vicarious liability. Thus, Nguyen is ineligible for resentencing under section 1172.6 as a matter of law because he was not "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

## DISPOSITION

The order denying Nguyen's petition for resentencing is affirmed.

PETROU, J.

WE CONCUR:


TUCHER, P. J.

RODRÍGUEZ, J.


A172536 / *People v. Nguyen*